

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ARON A. LASKY AND JOENE R. LASKY,<br><br>Debtors. | Case No. SV 05-19550 MT<br><br>Chapter 7<br><br>**MEMORANDUM OF DECISION AND ORDER SUSTAINING OBJECTION TO CLAIM NO. 2, AND OVERRULING IN PART AND SUSTAINING IN PART OBJECTIONS TO CLAIM NOS. 1 5, 6 AND 7**<br><br>Date: February 21, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 302 |

On December 20, 2006, Debtors' filed their Objections to Certain Claims Filed by General Unsecured Creditors ("Objection"). A preliminary hearing was held on the Objection on January 17, 2007 at 10:00 a.m. A continued hearing was held on February 21, 2007 at 10:00 a.m. Louis J. Esbin appeared on behalf of the Debtors at both hearings. Having considered the Objection, oral argument at the hearings, the court record, and the Debtors' supplemental brief filed on February 5, 2007,

**IT IS HEREBY ORDERED** that the Objection is SUSTAINED as to Claim No. 2.

Claim No. 2 is a duplicate of Claim No. 1 and, therefore, shall be disallowed.

**IT IS FURTHER ORDERED** that the Objection to Claim Nos. 1, 5, 6 and 7 are OVERRULED IN PART and SUSTAINED IN PART. With respect to Debtors' objection that Joene Lasky is not liable on these claims, this objection is sustained.[1] With respect to Debtors' objection that Aron Lasky is not liable on these claims, this objection is sustained in part and overruled in part. Inasmuch as the claimants have failed to provide evidence demonstrating why the amount owed to them in excess of the amount listed in Debtors' schedules should be allowed, their claims shall be reduced to the amounts listed in Debtors' schedules, but shall not be disallowed completely.

A proof of claim not executed and filed in accordance with FRBP 3001 does not constitute prima facie validity as to the amount of the claim. *See* FRBP 3001(f). On the other hand, under *In re Heath*, 214 B.R. 424 (9th Cir. B.A.P. 2005), noncompliance with the technical requirements FRBP 3001 is not in and of itself a ground for disallowance of a proof of claim. Here, Claim Nos. 1, 5, 6 and 7 are all not entitled to prima facie validity. FRBP 3001(c) requires, in pertinent part, that "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim." While case law has generally held that summaries are sufficient to meet the requirement of FRBP 3001(c), at minimum a summary must include "some breakdown of interest and other charges" under *Heath*. *See id.* at 432-33. The summaries to Claim Nos. 1, 5, 6 and 7 all lack such a detailed breakdown and are insufficient under FRBP 3001(c).

When a claim is not entitled to prima facie validity, Debtors must demonstrate

---

[1] Technically, this objection could be denied as moot inasmuch as there is no case or controversy with respect to the objection to Claim Nos. 5, 6 and 7. Having reviewed the proofs of claims and attachments thereto, it does not appear that Claim Nos. 5, 6 or 7 assert that Joene Lasky is liable on those respective claims. However, in order to dispose of any future contention that these claims nonetheless constitute community debt, I will sustain this objection rather than overrule the objection as moot.

-2-

that the claim should not be allowed based on one of the grounds listed in 11 U.S.C. § 502(b). Debtors rely on 11 U.S.C. § 502(b)(1), which provides that a clam shall not be allowed if it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Debtors rely on Cal. Code. Civ. Proc. § 454 and the Fair Debt Collections Practices Act ("FDCPA") (15 U.S.C. §§ 1692, 1692a-1692p (2006)).

Cal. Code. Civ. Proc. § 454 provides that a party suing on an account "must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence thereof." This procedural requirement will not render a claim unenforceable under 11 U.S.C. § 502(b)(1) for two reasons. First, this provision does not render a claim unenforceable. It merely sets up the likelihood that a subsequent trial on the merits will not result in a judgment in favor of the claimant. Second, state law procedural requirements relating to state law enforcement of debts in state court are not incorporated into the proof of claim process in bankruptcy court. State law procedural requirements do not determine whether a claim exists for purposes of nonbankruptcy law under *Grogan v. Garner*, 498 U.S. 279, 283-84 (1991). Rather, they determine how claims may be asserted in state courts. Congress has established different procedures for claims in the bankruptcy court.

The FDCPA, similarly, does not render a claim unenforceable under 11 U.S.C. § 502(b)(1). Although the FDCPA argument might be disposed of based on any number of reasons, it is most easily disposed of by virtue of the fact that the FDCPA nowhere renders a claim unenforceable. Debtors rely primarily on 15 U.S.C. § 1692g, which can be summarized as follows: A debt collector makes an initial communication to a debtor regarding a debt that is owed. In this communication, or within five days thereafter, the debt collector is required to disclose the name of the creditor and the amount owed,

-3-

and to inform the debtor of his or her right to a "verification of the debt" upon request within the next thirty days. If the debtor disputes the debt within the thirty day period in writing, the debt collector is required to obtain a "verification of the debt" and mail it to the debtor before further attempts to collect. Note that the singular consequence of failure to comply with this section is that a debt collector is prohibited from further attempts to collect on the debt, 15 U.S.C. § 1692g(b), much in the same way that the automatic stay prohibits claimants from such attempts. See 11 U.S.C. § 362(a)(6). Just as the automatic stay does not invalidate a claim, arguably a temporary stay under the FDCPA does not invalidate a claim.[2] Debtors have not cited any authority to the contrary. Notwithstanding the stay, bankruptcy law specifically provides for a procedure to collect on a debt. Thus, the FDCPA does not render the debt unenforceable, and cannot be relied upon as "applicable law" for purposes of 11 U.S.C. § 502(b)(1).

Moreover, there is a serious question whether the standards of the FDCPA can be imported into the claims objection process. "The holding and reasoning of *Kokoszka [v. Belford*, 417 U.S. 642 (1974)] impel a finding that an FDCPA claim may not be premised on proofs of claim filed as part of a bankruptcy proceeding." *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *4, 42 Collier Bankr. Cas. 2d 170 (N.D. Ill. 1999); *see also Rice-Etherly v. Bank One, N.A. (In re Rice-Etherly)*, 336 B.R. 308, 311-13 (Bankr. E.D. Mich. 2006); *Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 814 (N.D. Ill. 1999) ("[N]othing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy

---

[2] As noted recently in a letter by various consumer protection organizations, "the FDCPA does *nothing* to prevent the collection of a valid debt. It only prohibits debt collectors from inappropriate activities in the collection of those debts." Letter to Senators Orrin G. Hatch and Robert G. Torricelli, dated June 22, 2000, objecting to proposed changes to the FDCPA signed by the Consumer Federation of America, Consumers Union, National Consumer Law Center, Inc., Public Citizen, U.S. Public Interest Research Group, United Automotive, Aerospace and Agricultural Implement Workers.

proceedings.") "A mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all the rights and duties of creditors and embarrassed debtors alike. . . . Nothing in either Act persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code." *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) (citing *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974)).

None of this is to say that debtors are without any remedy when presented with a proof of claim that is supported by scant to no evidence. In order to successfully contest a claim under *Heath*, debtors can file an objection to claim supported by a declaration stating to what extent they believe they are liable (or not liable) on the claim and why. This may provide an evidentiary basis to object to the unsupported aspects of a proof of claim. "[A] creditor who files a proof of claim that lacks sufficient support under Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack prima facie validity, so any objection that raises a legal *or factual ground* to disallow the claim will likely prevail absent an adequate response by the creditor. Moreover, a creditor's lack of adequate response to a debtor's formal or informal inquiries 'in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim.'" *In re Campbell*, 336 B.R. 430, 436 (9th Cir. B.A.P. 2005).[3]

---

[3] Although the formal or informal requests for information that may raise an evidentiary basis to object to the unsupported aspects of a claim could come in the form of a claims objection itself, if sufficiently specific about the information required, *see Heath*, 331 B.R. at 436, the better approach is to, at minimum, send a separate written request to the claimant requesting more information. *Id.* at 437. ("We would be faced with a very

1    However, a claim objection must, at minimum, actually contest the debtor's

2 liability or the amount of the debt for the Court to be able to disallow a proof of claim,

3 even if the proof of claim lacks the documentation required by Rule 3001(c). *Id.* at 432.

4 This is why the objection that Claim Nos. 1, 5, 6 and 7 should be disallowed as to Aron

5 Lasky must be sustained in part and overruled in part. Debtors listed Claim Nos. 1, 5, 6

6 and 7 under their schedules, which were signed under penalty of perjury. None of

7 these claims were scheduled as contingent, unliquidated or disputed. It goes without

8 saying that Debtors' schedules can constitute admissions.[4] *Heath*, 331 B.R. at 431;

9 *see also Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 (W.D. Tex. 1996) (citing

10 cases); *Heath*, 331 B.R. at 437 n.6 ("[A]n objection should not be inconsistent with

11 sworn schedules that concede all or some portion of the debt.").

12    Moreover, it is not clear from Aron Lasky's declaration, also made under penalty

13 of perjury, that he is contesting the full amount of Claim Nos. 1, 5, 6 and 7 as opposed

14 to the incremental amount in of these claims excess of the amount listed in Debtors'

15 schedules. *See, e.g.*, Aron Lasky Decl., ¶ 3 ("In the case of Clam Nos. 1 and 2, I do not

16 know who Recovery Management Systems Corporation is, and I do not owe a debt to

17 them. I had a Lowes Retail Account, but I cannot attest to the interest rate charged,

18 whether any increases in the interest rate or charges to the account were disclosed to

---

different case if, for example, Debtors' objections stated that they had written to a Creditor explaining that they questioned specific charges, or that during the slide into bankruptcy they had not reviewed or retained their monthly statements, and therefore they wanted the past twelve months' credit card statements to verify the Creditor's calculation of principal, interest, and other charges.") An excellent example of a motion utilizing the failure to respond to prior written requests for information as the basis for a claims objection is the Objection of Diane C. Weil, Chapter 7 Trustee to Proofs of Claim Nos. 2 and 3, filed on January 22, 2007, *In re Michael Rommell Cropper*, SV 05-50043 MT.

[4]    It is worth noting that Claim Nos. 1, 5, 6 and 7 are all listed as exclusively Aron Lasky's debts in the schedules. As there is no judicial admission in the schedules of her liability on Claim No. 1, the objection as to Joene Lasky can be sustained.

-6-

me prior to my being charged for them, or how the account was maintained or payments were credited over the years. Therefore, I cannot admit owing the amount stated in Claim Nos. 1 and 2, and cannot admit liability for the amount stated."). The language of Aron Lasky's declaration is a far cry from merely saying "I don't owe any amount of this debt whatsoever," which is what *Heath* and *Campbell* require.

In short, Claim Nos. 1, 2, 5, 6, and 7 shall be partially disallowed as follows:

| Claim | Amount | Treatment |
|---|---|---|
| Claim No. 1 (Recovery Mgmt. Systems Corp.) | $5,648.27 | Reduced to $5,472.00 Allowed as to Aron Lasky only |
| Claim No. 2 (Recovery Mgmt. Systems Corp.) | $5,648.27 | Disallowed in entirety as to all Debtors |
| Claim No. 5 (Chase Bank USA, NA) | $3,754.23 | Reduced to $3,512.00 Allowed as to Aron Lasky only |
| Claim No. 6 (Chase Bank USA, NA) | $4,381.12 | Reduced to $4,100.00 Allowed as to Aron Lasky only |
| Claim No. 7 (Chase Bank USA, NA) | $2,302.02 | Reduced to $2,100.00 Allowed as to Aron Lasky only |

**IT IS SO ORDERED.**

DATED: February 22, 2007

_____
MAUREEN A. TIGHE
United States Bankruptcy Judge

-7-

## CERTIFICATE OF SERVICE BY MAIL

1

2  I certify that a true copy of this **ORDER** was served on ___FEB 2 2 2007___ to the parties listed below:

3

| | |
|---|---|
| Louis J. Esbin<br>Law Offices of Louis J. Esbin<br>27201 Tourney Road, Suite 122<br>Valencia, CA 91355-1804 | American Express Bank FSB<br>c/o Becket & Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 |
| Peter A. Davidson<br>Moldo Davidson Fraioli Seror & Sestanovich<br>1925 Century Park East, Ste. 1600<br>Los Angeles, CA 90067 | Recovery Management Systems Corp.<br>for GE Money Bank<br>25 SE 2nd Ave., Ste. 1120<br>Miami, FL 33131 |
| United States Trustee<br>21051 Warner Center Lane, Ste. 115<br>Woodland Hills, CA 91367 | Chase Bank USA, N.A.<br>c/o Weinstein & Riley, P.S.<br>2101 4th Ave., Ste. 900<br>Seattle, WA 98121 |
| Diane C. Weil<br>Chapter 7 Trustee<br>1925 Century Park East, #1600<br>Los Angeles, CA 90067 | |

Dated:

FEB 2 2 2007

_____
DEPUTY CLERK

- 8 -